Per Curiam.

Vendor claimed that the sale of each of the eight trucks was excepted from the definition of “ ‘retail sale’ and ‘sales at retail’ ” by the terms of Section 5546-1, General Code, because “the purpose of the consumer” was “to use” the trucks “directly in the production of tangible personal property for sale by * * * mining.”
*252 The refund was sought by the vendor under those provisions of Section 5546-8, General Code, which read:
“The Treasurer of State shall redeem and pay for any unused or spoiled tax receipts at the net value thereof, and he shall refund to vendors the amount of taxes illegally .or erroneously paid or paid on any illegal or erroneous assessment where the vendor has not reimbursed himself from the consumer.” (Emphasis added.)
Vendor claims that the tax with respect to the sale of these eight trucks was, within the meaning of the above-quoted words of that statute, “erroneously paid” and that vendor is therefore entitled under the words of the statute to a refund of its amount.
It is conceded that the vendor did not obtain from the purchaser any certificate indicating that the sale of any of these trucks was not subject to sales tax.
Section 5546-3, General Code, reads in part:
“In case the tax does not apply to a sale, .the consumer must furnish to the vendor and the vendor must obtain from the consumer a certificate in proper form, indicating that the sale is not legally subject to the tax herein imposed. The certificate herein required shall be in such form as the commission shall by regulation prescribe, and in case no certificate is furnished or obtained prior to the time the sale is consummated, the tax shall apply.
“However, no certificates need be obtained or furnished where the item of tangible personal property sold is never subject to the tax imposed regardless of use.” (Emphasis added.)
The emphasized words in the foregoing statute indicate that the tax is to apply “in case no certificate is furnished or obtained prior to the time the sale is consummated.” Although it is provided that “no *253 certificates need be obtained or furnished where the item of tangible personal property sold is never subject to the tax imposed regardless of use,” a truck, such as those here involved,- is not, as are items like “feed and seeds” (see Section 5546-2, General Code), such an item “never subject to the tax regardless of use.” Thus, under the words of the statute, “the tax shall apply” because no certificate was furnished or obtained prior to the time the sale was consummated.
If the tax does apply by reason-of that statute and if the tax has been paid, it cannot be said to have been “erroneously paid” within the meaning of Section 5546-8, General Code.
The decision in Shafer v. Peck, Tax Commr., 160 Ohio St., 543, 117 N. E. (2d), 438, has ho application to the facts of the instant case. It dealt only with the liability of a consumer for sales tax. The instant case involves the liability of a vendor.
So far as the decision of the Board of Tax Appeals affirms the order of the Tax Commissioner, that decision is affirmed. So far as the decision reverses the order of the Tax Commissioner, that decision is reversed.

Judgment accordingly.

Weygandt, C. J., Middleton, Tart, Hart, Zimmerman; Stewart and Lamneck, JJ„ concur.